MELODY v. GOODRICH et al.

(Supreme Court, Special Term, Kings County. May 13, 1901.)

1. INJUNCTION—CONTINUANCE—JUDICIAL OFFICER.
    A temporary injunction restraining the justices of the appellate division from appointing a jury commissioner for Kings county, as authorized by Laws 1901, c. 602, granted on the ground that the act was unconstitutional, will not be continued pendente lite, since the justices, in making the appointment, would act in a judicial capacity, and it cannot be presumed that they would enforce an unconstitutional act.

2. SAME—APPELLATE DIVISION—JUSTICES—STATE OFFICERS.
    Code Civ. Proc. § 605, provides that, where a duty is imposed by statute on a state officer, an injunction to restrain him from performing that duty, or to prevent the execution of the statute, shall not be granted except by the supreme court sitting in the department in which the officer is located or the duty is required to be performed. Laws 1901, § 602, authorizes the justices of the appellate division of the supreme court to appoint a commissioner of jurors of Kings county. Held, that a temporary injunction, granted by the supreme court, enjoining the justices of the appellate division from making the appointment, was a nullity.

Action by William E. Melody against William W. Goodrich and others. Motion to continue an injunction pendente lite. Motion denied.

Plaintiff is commissioner of jurors and a taxpayer in Kings county, and here seeks to enjoin the defendants, as justices of the appellate division, from appointing a commissioner of jurors in Kings county under the provisions of chapter 602 of the Laws of 1901, challenging the constitutionality of the act in question.

R. H. Elder, for plaintiff.
F. S. Black and H. W. Goodrich, for defendants.

MADDOX, J. The character of this application can be fully appreciated only when we consider the possible consequences to flow

from one branch of the court restraining or attempting to restrain, by continuing pendente lite a temporary injunction, the action or conduct of judicial officers of the same court, and who constitute an appellate division thereof. Plaintiff seeks, not to stay the hands or conduct of litigants, but the performance of a duty cast upon "the justices of the appellate division of the supreme court" by legislative enactment, and in justification thereof asserts the unconstitutionality of the act vesting that duty. By the statute in question those charged with the duty of making the appointment therein provided for in so doing will act in their judicial capacity, not individually, but as "the justices of the appellate division of the supreme court" in this department, for that is the plain reading of the law. I express no opinion upon the constitutionality of the act. That is unnecessary, in view of the conclusion I have reached; and, in my opinion, the propriety of so doing here might well be questioned, for there is no presumption that a judicial officer will give, or attempt to give, effect to, or act under, a law which is violative of the constitution, nor yet do that which is, either expressly or inferentially, forbidden by the organic or statute law of the state. That the contrary obtains needs no citation of authority. If this law offends the constitution, then the defendants, as "justices of the appellate division of the supreme court," must so determine. That duty, as well as that calling for the appointment of a commissioner of jurors, is devolved upon them; for, as is well said in Norton v. Shelby Co., 118 U. S. 442, 6 Sup. Ct. 1125, 30 L. Ed. 186: "An unconstitutional act is not a law. It confers no rights; it imposes no duties; it affords no protection; it creates no office; it is, in legal contemplation, as inoperative as though it had never been passed." Again, the defendants, as justices of the supreme court, are state officers, and the application for the temporary injunction was clearly within the inhibition of section 605 of the Code of Civil Procedure, and the order of May 1st, in so far as it undertook to enjoin the defendants as such justices, was and is a nullity. Motion denied.